GLICKSTEIN, Judge,
concurring specially:
In the appealed order, the trial judge required discovery limited to those things requested in FDA’s notice to produce, which was amended to delete any records belonging to Drs. Cowan or Rosa individually and to include only those documents belonging to the P.A. The notice to produce requests the following information:
1. Incorporating documents, including articles of incorporation, minutes, and by-laws.
2. Minutes of P.A. meetings.
3. Employment contracts referral agreements.
4. Prospectus or other documents describing compensation for referral fees for referrals made by P.A. members.
5. Cowan/Rosa partnership agreement.
6. Documents between Cowan/Rosa partnership and the P.A., including referral fee arrangement and other compensation agreements.
FDA contends that because the request to produce is directed only at the P.A., the fifth amendment does not apply because of the corporation exception. Cowan and Rosa reply by pointing to State v. Dawson, 290 So.2d 79 (Fla. 1st DCA 1974), which held that the rule that self-incrimination does not apply to corporations is inapplicable to professional service corporations. Dawson’s holding was largely grounded upon Boyd v. United States, 116 U.S. 616, 6 S.Ct. 624, 29 L.Ed. 746 (1886), which held seizure of incriminating records and compelling incriminating testimony to be one and the same. Boyd, however, has been substantially overruled and discredited by the Court in cases such as Fisher v. United States, 425 U.S. 391, 96 S.Ct. 1569, 48 L.Ed.2d 39 (1976). The more recent Supreme Court rulings are that purely eviden-tiary material may be obtained and used, and that the self-incrimination privilege applies only to compelled testimonial communication. In Beilis v. United States, 417 U.S. 85, 94 S.Ct. 2179, 40 L.Ed.2d 678 (1974), the Court affirmed a rejection of a law firm partner’s assertion of the fifth amendment when he was asked to produce partnership financial records. Summarizing a line of decisions in the area, the opinion reiterated that “the privilege against compulsory self-incrimination should be ‘limited to its historic function of protecting only the natural individual from compulsory incrimination through his own testimony or personal records.’ ” Id. at 89-90, 94 S.Ct. at 2184, 40 L.Ed.2d at 684, quoting United States v. White, 322 U.S. 694, 701, 64 S.Ct. 1248, 1252, 88 L.Ed. 1542, 1547 (1944) (emphasis added). We suggest that the discrediting of Boyd, in view of the Beilis case, which disallowed the self-incrimination privilege as applied to partnerships, a much more personal relationship, makes the earlier holding of our companion court with respect to a P.A. unsupportable.
ON MOTION FOR CLARIFICATION
PER CURIAM.
Doctors Cowan and Rosa request clarification of our earilier decision in their favor. *289 They had noticed for appeal a trial court order modifying an order of abatement and granting limited discovery, these orders having been entered in an action against them for nuisance. Neither order was the proper subject of appeal, so we treated the notice as a petition for a writ of certiorari, and granted it. In so doing, we noted that nuisance is not the proper remedy for the practices allegedly committed by the doctors. This explanation was only that; we were not faced with and so had no jurisdiction to make a dispositive ruling on the complaint’s merits. If the doctors want the complaint dismissed, they must so move and obtain a ruling below before we will have jurisdiction to consider the merits of the action.
GLICKSTEIN, HURLEY and BARK-ETT, JJ., concur.